UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Coker, # 264180, | ) | C/A No. 4:10-2404-HFF-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Doctor Martin; Greenville County Detention Center; Warden | ) | |
| Scottie Bodieford, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at Perry

Correctional Institution. In the Complaint filed in this case, he alleges that he fell and injured himself

because of dizziness and excessive sleepiness causing him to collapse when he left his bed to use the

restroom. He claims that his collapsing was a side effect of a medication (Trazodone) he was placed on

while at the Greenville County Detention Center in August 2008. He claims that he was "over medicated"

or given an excessive dosage of the medication by Defendant Doctor Martin, and he asks his Court "to be

compensated" for "pain and suffering . . . ." (Entry 1, Compl. 4).

Under established local procedure in this judicial district, a careful review has been made of

Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural

provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge
is authorized to review all pretrial matters in such *pro se* cases and to submit findings and
recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after
docketing, district courts should review prisoner cases to determine whether they are subject to
summary dismissal).

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *Helling v. McKinney*, 509 U.S. 25 (1993). The *Helling* Court stated,

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs − e.g., food, clothing, shelter, medical care, and reasonable safety − it transgresses the substantive limits on state action set by the Eighth Amendment[.]

509 U.S. at 32 (quoting *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989); *see also Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990).

With respect to medical care, a prisoner seeking compensation in a § 1983 case[2] "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs.*" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (emphasis added). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga.. 1994)(collecting cases).

Under *Estelle*, allegations that Plaintiff's adverse reaction to a drug given to him by a detention center doctor resulted in personal injuries from a fall do not rise to the level of compensable constitutional violations. *Estelle*, 429 U.S. at 105. In *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the nature and extent of treatment provided is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to
> be received by plaintiff, this does not in and of itself state a constitutional violation. *See*

---

[2]The facial viability of Plaintiff's Complaint is being considered under this Court's federal question jurisdiction based on 42 U.S.C. § 1983 since there does not appear to be any diversity of citizenship of the parties shown on the face of the Complaint. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

*Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

*Lamb*, 633 F. Supp. at 353; *see Walker v. Peters*, 863 F. Supp. 671 (N.D. Ill.1994)(under *Farmer v. Brennan*, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly* : "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law such as personal injury torts arising from medical malpractice. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir.1994)(Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990). Although claims of negligence and medical malpractice are actionable under South Carolina law, they should be brought *only* in state court *unless* diversity of citizenship is present. If there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case, it can be heard in this Court pursuant to its diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There is no diversity of citizenship in this case, however, because Plaintiff and each Defendant are residents of the State of South Carolina as shown by the allegations in the Complaint. (Entry 1, Compl. 2. As a result, since Plaintiff has not pleaded deliberate indifference to his medical needs and since there is no diversity of citizenship in this case, this case is subject to summary dismissal without the issuance of process for Defendants.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 22, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).