

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

ROBERT COKER, §
    Plaintiff, §
 §
vs. § CIVIL ACTION NO. 4:10-2404-HFF-TER
 §
DOCTOR MARTIN et al., §
    Defendants. §

## ORDER

    This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 22, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on October 14, 2010. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Simply stated, this is a medical malpractice case. Plaintiff's own statements make this clear. In fact, in his objections, he states verbatim that he "Would Like The Court To understand [his] Health and . . . Be Compensated For Medical malpractice [and] pain and suffer[ ]ing[.]" (Objections 1.)

Moreover, in another document filed with the Court, Plaintiff appears to ask that his constitutional claim be amended to a medical malpractice claim. (Motion for TRO 2.)[*] He also states in his objections his right to file a motion to amend. (Objections 4.) Thus, to the extent that Plaintiff requests to amend his Complaint, the motion is hereby **GRANTED.**

As to Plaintiff's arguments regarding the side effects of the drug Trazodone (Objections 1, 2, 3), the absence from the pleadings of facts showing Defendants' knowing disregard of Plaintiff's condition prior to the falls distinguishes this case from cases such as *Gibson v. Moskowitz*, 523 F. 3d 657 (6th Cir. 2008), where a jury verdict in favor of an inmate's decedents against a prison psychiatrist for medical indifference was upheld. In *Gibson*, the court held that evidence showing that the doctor was aware of the dangerous side effects of the inmate's medication but did nothing to minimize or alleviate them supported the jury's finding that medical indifference took place. *Id.* at 633-34.

---

[*]The Motion for a TRO is a two-part document. The Motion itself is contained in the first page and a half of the document and it concerns not this case, but *Coker v. McCall*, 4:10-cv-02505-HFF -TER. The last half of page two, however, refers to the instant case.

Although Plaintiff claims that Defendant Doctor Martin's placing him on the Trazodone supports "a constitutional claim concerning [his] rights and health the 14, 8 Amendment . . . ," he also alleges "medical malpractices." (Entry 1, Compl. 4). The allegations in the Complaint, at most, show potential medical malpractice for the giving of an improper dosage of medication. They do not rise to level of medical indifference, especially in absence of any allegation that the bad side effects were known and ignored by the doctor at any time prior to the alleged falls and injuries.

Finally, Plaintiff now makes a new claim that Defendants were doing an "experiment" on him (Objections 1) in giving him Trazodone and that it violated his "due process" and "equal protection" (Objections 4). Plaintiff's claim is too conclusory and lacking in detail to survive dismissal.

Plaintiff's references to the "experiment" appears to refer to the fact that it was the first time that he had ever taken this medication, not that the medication was experimental nor that he was forced to be a guinea pig. It is axiomatic that every time a medication is given, there is always a first time, and the only way to know whether it works or has bad side effects on a particular patient is to take it. Everyone is different and reacts to medication differently. Thus, it does not violate a person's due process rights to put one on a new medication that might have a negative side effect that cannot be determined until the medication is taken.

Plaintiff makes no allegation of forced medication nor does he allege that there was racial, gender, religious, or any other type of discrimination involved in his being given Trazodone. Moreover, he does not claim to be a member of any class being treated differently by Defendants. Lack of such allegations precludes any viable equal protection claim.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the case is **DISMISSED** without prejudice and without issuance and service of process and Plaintiff's Motion to Appoint Counsel is deemed **MOOT**. In that the dismissal is without prejudice, Plaintiff can bring his malpractice claim in state court if he wishes to do so.

The Clerk shall **TERMINATE** the Motion for a TRO filed in this case.

**IT IS SO ORDERED**.

Signed this 29th day of October , 2010, in Spartanburg, South Carolina.

    s/ Henry F. Floyd
    HENRY F. FLOYD
    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.